IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DUE, <br> 96294-020, <br><br> Plaintiff, <br><br> vs. <br><br> USA, <br> STACI M. YANDLE, <br> ERIC WILLIAMS, <br> ASSOC. WARDEN CHEEKS, <br> ASSOC. WARDEN SANTIAGO, <br> E. GORE, <br> LT. PHILLIPS, <br> MATTHEW R. HOFFMAN, <br> BRIAN D. BAILEY, <br> ROBERT T. DAWSON, <br> JOSEPH F. BATAILLON, <br> LARUIE SMITH CAMP, <br> THOMAS D. THALKEN, <br> JOHN M. GERRARD, <br> F.A. GOSSETT, <br> RICHARD G. KOPH, <br> DENISE M. LUCKS, <br> MICHAEL E. GANS, <br> LAVENSKI R. SMITH, <br> JAMES B. LOKEN, <br> JOHN R. TUNHEIM, <br> DANIEL HOVLAND, <br> D. PRICE MARSHALL, <br> STEPHANIE ROSE, <br> ROBERT F. ROSSITER, JR., <br><br> Defendants. | Case No. 21-cv-1433-DWD |

## MEMORANDUM AND ORDER

DUGAN, District Judge:

Plaintiff Randall Due, an inmate of the Federal Bureau of Prisons (BOP), brings this civil action styled as a "Hazel-Atlas action"[1] pursuant to 28 U.S.C. § 1331. (Doc. 1). In his pleading he alleges that fraudulent errors led him to be convicted of an underlying offense. This is not the first Hazel-Atlas case Plaintiff has filed in this District, nor is it the only type of relief he has pursued. He has also submitted numerous habeas corpus petitions both in this District and in others. See Due v. USA, 2021 WL 4972437 *1-2 (S.D. Ill. Oct. 2021) (cataloguing Due's litigation history). His pleading is now before the Court for initial review.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On the first page of the complaint, Plaintiff alleges that "[this] action is "specifically not" a 'challenge of the conviction or sentence. Therefore, none of the statutory requirements related to a 2255, Direct Appeal, 2241 or other related filing apply to this suit." (Doc. 1 at 1). Plaintiff goes on to allege that his conviction in an underlying criminal matter was procured by way of fraud on the court because "service was

---

[1] In Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), the Supreme Court held that federal courts possess inherent authority to vacate a judgment obtained by fraud on the court.

fraudulent or in error" and the court lacked jurisdiction over him. He alleges that personal jurisdiction is obtained by service of process, but service was fraudulent, so the court lacked jurisdiction. (Doc. 1 at 8). As a result, he claims that he must be restored to his 'pre-trial' status. (Doc. 1 at 9).

In support, he referenced two documents titled "Ecclesiastical Deed Poll." (Doc. 1 at 13, 15). The two documents appear identical in substance. The statements made therein are difficult to follow and bear no obvious relationship to the factual allegations in the main pleading. For example, the opening lines read, "We, the Divine Immortal Spirit, expressed in Trust, to the Living Flesh known as Randall of Clann Due, hereby give life and personality to this sacred irrevocable deed through Our seal in blood and agreement to the conveyance and terms pronounced herein." (Doc. 1 at 15). The opening lines are followed by six numbered paragraphs that are equally unclear. The Plaintiff also included various court documents.

## Analysis

Regardless of how Plaintiff attempts to style his various filings with the Court, it is blatantly obvious that his sole purpose for filing lawsuits is to undermine his criminal conviction. Plaintiff tried to avoid this conclusion by alleging that he was not seeking to challenge his conviction or sentence, but his inartful language does not save him. If a prisoner files something that seeks a change in his custodial status, then it is a habeas corpus request. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Congress has created a predefined pathway to challenge a conviction or sentence via the habeas corpus provisions of 28 U.S.C. § 2255. Under § 2255, and related provisions, once a petitioner

has unsuccessfully sought relief under § 2255, he is required to secure approval to file a second or successive petition. 28 U.S.C. § 2244(b)(3). Without authorization to file a second or successive petition, a district court lacks jurisdiction to hear a petition. *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013).

Plaintiff has not sought or secured leave to file a second or successive habeas corpus petition, so we lack jurisdiction over his latest pleading. This conclusion is consistent with the outcome of Plaintiff's three other nearly identical proceedings in this District. *See Due v. United States, et al.*, 21-cv-1074-JPG (S.D. Ill. Oct. 26, 2021) (Doc. 9); *Due v. United States, et al.*, 21-cv-1160-JPG (S.D. Ill. Oct. 26, 2021) (Doc. 7); *Due v. United States, et al.*, 21-cv-1432-NJR (S.D. Ill Apr. 8, 2022) (Doc. 11). The Court will not waste time analyzing Plaintiff's case further because his arguments haven been thoroughly considered in the other three matters. However, the Court will add one note. Plaintiff's many arguments that the courts lack jurisdiction over him or that he should be allowed to use obscure legal vehicles (such as Hazel-Atlas) to challenge his conviction are reminiscent of a sovereign citizen. The Seventh Circuit has "repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk." *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). "Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," or some other rendition, "that person is not beyond the jurisdiction of the courts." *Id.* The Seventh Circuit has advised that these "theories should be rejected summarily, however they are presented." *Id.*

The Court further notes on October 26, 2021, District Judge Phil Gilbert warned Plaintiff that "further duplicative or redundant filings in this District … may result in sanctions that include, but are not limited to, monetary fines and/or a filing restriction." *Due v. United States, et al.*, 2021 WL 4972437 *2 (S.D. Ill. Oct. 26, 2021). This warning was repeated just last month in Plaintiff's third Hazel-Atlas action. *Due v. United States, et al.*, 21-cv-1432-NJR (S.D. Ill. Apr. 8, 2022) (Doc. 11). This is Plaintiff's final warning. If he continues to file frivolous petitions or other related actions challenging his sentence or conviction, he will be fined a substantial amount, possibly in excess of $500.00, and this Court may refuse to review future pleadings until he has paid that fine in full. *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

Additionally, because Plaintiff filed this case as a civil action pursuant to 28 U.S.C. § 1331, he is subject to the full civil filing fee. At the outset of the case, he filed a motion to proceed *in forma pauperis*, (Doc. 2), which will be **GRANTED**. Thus, Plaintiff is responsible for a $350 filing fee. The Clerk's Office will address payment of this fee via a separate order.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED** with **PREJUDICE** for lack of jurisdiction. Future filings will be subject to sanctions. The Clerk's Office is **DIRECTED** to assess a $350 filing fee for this case.

**IT IS SO ORDERED.**
Dated: May 6, 2022

_____
DAVID W. DUGAN
United States District Judge